

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

Signed May 10, 2007                                              **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RODDY MICHAEL REID, d/b/a MIKE | § | Case No. 06-33268 HDH-7 |
| REID CUSTOM HOMES, REID | § | |
| BUILDERS, R & B ADVISORY CO. and | § | |
| GLENDA J. REID, | § | |
| | § | |
| Debtors. | § | |
| GREG MAUL and STACEY MAUL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 06-3510 |
| | § | |
| RODDY MICHAEL REID, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION

The Court conducted a trial on the *Complaint Objecting to Determine Dischargeability of Debt* filed by Greg and Stacy Maul ("Plaintiffs"), against Roddy Michael Reid ("Debtor" or "Defendant"), on May 1, 2007, and took the matter under advisement.

Memorandum Opinion- Page 1

In their Complaint, the Plaintiffs claim that Defendant, a home builder, owes them claims excepted from discharge under Bankruptcy Code Sections 523(a)(2) and 523(a)(4). This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

**Background Facts**

The parties entered into a pretrial order with stipulated facts that the Court adopts in addition to the facts stated in this opinion. Plaintiffs contracted in writing with Mike Reid Custom Homes, Inc., a Texas corporation, for construction of a $1.4 million home on real property in Rockwall County, Texas. Defendant was President, Director, and he and his spouse are the sole shareholders of Mike Reid Custom Homes, Inc. Defendant, as a condition of receiving construction loan funds, prepared and executed Draw Requests and Interim All Bills Paid Affidavits on behalf of Mike Reid Custom Homes, Inc. These documents contained misrepresentations of material facts, including but not limited to, representations with respect to debts paid, payments to Defendant and to mechanics, material men, and subcontractors. Plaintiffs relied on the Defendant's misrepresentations in executing the Draw Requests, Interim All Bills Paid Affidavits and in paying funds and authorizing that funds be paid with respect to the construction.

The undisputed testimony, actually agreed to by Defendant, is that Defendant paid himself some $71,616.00 which was not owed. Those funds are not covered by the draw requests made to Plaintiffs' lender. Defendant sought, in the draw requests, one sum for

payments to himself, and paid himself amounts greatly in excess of the amounts reported or made at the time. Plaintiffs' evidence and testimony on this claim was persuasive; whereas, Defendant's explanation that he always handled his payments in this way was not.

**Analysis**

The burden is on the Plaintiff to prove by a preponderance of the evidence that each of the elements under subsections 523(a)(2)(A) and -(a)(4) have been met. *See Grogan v. Garner,* 498 U.S. 279, 286-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also In re Mercer,* 246 F.3d 391, 403 (5th Cir.2001).

Bankruptcy Code Section 523(a)(2)(A) provides in relevant part that a debt will not be discharged in bankruptcy if it is "for money, property, services, or an extension, renewal, or refinancing of credit," to the extent that it was "obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Thus, for a debt to be nondischargeable under section 523(a)(2)(A), a creditor must show:

> (1) the debtor made a representation;
> (2) the debtor knew the representation was false;
> (3) the representation was made with the intent to deceive the creditor;
> (4) the creditor actually and justifiably relied on the representation; and
> (5) the creditor sustained a loss as a proximate result of its reliance.

*General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

Bankruptcy Code Section 523(a)(4) provides that a debtor is not discharged from a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). To show non-dischargeability under § 523(a)(4) for fraud or defalcation, a creditor must prove by a preponderance of the evidence that (1) the debt was caused by fraud or

defalcation, and (2) there was a fiduciary relationship between the parties at the time the debt was created. *In re Chavez,* 140 B.R. 413, 422 (Bankr. W.D. Tex. 1992).

In *Miller v. Abrams (In re Miller)*, 156 F.3d 598 (5th Cir. 1998), the Fifth Circuit stated that the discharge exception under section 523(a)(4) "was intended to reach those debts incurred through abuses of fiduciary positions and through active misconduct whereby a debtor has deprived others of their property by criminal acts, both classes of conduct involve debts arising from the debtor's acquisition or use of property that is not the debtor's." *Id*. at 602 (quoting *In re Boyle*, 819 F.2d 583, 588 (5th Cir. 1987). A fiduciary under § 523(a)(4) does not refer to any relationship involving confidence, trust or good faith, rather § 523(a)(4) concerns a relationship arising out of a technical or express trust. *Texas Lottery Commission v. Tran (In re Tran),* 151 F.3d 339, 342 (5th Cir.1998).

Applying these principals to the present case, the Court finds that the Draw Requests and Interim All Bills Paid Affidavits contained false representations to the Plaintiffs upon which they relied. The Debtor testified that some of the items on these documents were listed as paid to fit within the budget given to the lender and that the Plaintiffs were aware of the fact that line-items were being disregarded in order to pay for changes made by the Plaintiffs; however, this does not explain the admitted $71,616.00 paid over and above the percentage due to him based on the actual cost of improvements to the property on this "cost plus" contract. The Court finds that by not listing the actual payments being made to his company on these documents, he intentionally deceived the Defendants. He may have thought that he could make up for it by taking smaller draws later as the construction was completed, but this does not justify paying himself ahead of what he was entitled to under their agreement. Thus, the Court finds that $71,616.00 was

"obtained" by Defendant under false pretenses, and such claim is not dischargeable, as provided in 11 U.S.C. § 523(a)(2)(A). *Cf. Fournet v. Miller (In re Miller)*, 5 B.R. 424, 428 (Bankr. La. 1980) (debt found to be nondischargeable where contractor presented invoices for payment and then used the money for other purposes).

Plaintiffs did not meet their burden of proving that their subrogation claims are not dischargeable. They rely upon Section 523(a)(2) and (a)(4), referenced above. However, at most, the record at trial established that Defendant did not pay all amounts owed for lumber and concrete, and some of those amounts were eventually paid by Plaintiffs at a reduced amount. The record suggests that Defendant actually paid for the concrete to his subcontractor, who, in turn did not remit those sums to the supplier of the cement, TXI. The Defendant testified that, other than the overpayment to himself, all amounts drawn were used for goods and services for Plaintiffs' home. Plaintiffs offered no evidence to the contrary. In fact, Plaintiffs' case was really that, if Defendant had not overpaid himself, he would have had sufficient funds to pay for the lumber and concrete. Plaintiffs have not shown, by a preponderance of the evidence, the elements of Section 523(a)(2) or (a)(4) as to their other claims. For these reasons, Plaintiffs have not shown that other amounts are excepted from discharge.

Accordingly, Plaintiffs' counsel shall submit, within ten days, a judgment in favor of Plaintiffs, excepting the amount of $71,616.00 from the Debtor's discharge.